**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH JOHN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-0317-HE |
| | ) | |
| VINAI CHETPATANANONT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Nationwide Mutual Insurance Company ("Nationwide") has moved to dismiss or transfer this case to the "appropriate district court" in Virginia based on inconvenient venue. Plaintiff has responded in opposition to the motion. For the reasons set out below, the Court concludes the motion should be denied.

Plaintiff, who is a resident of Virginia, suffered injuries in an automobile/pedestrian accident which occurred in Oklahoma on June 22, 2002. Defendant Chetpatananont, who is a resident of Oklahoma, was driving the vehicle which struck and injured plaintiff. Plaintiff brings suit against defendant Chetpatananont for negligence and against defendant Nationwide for underinsured motorist benefits. Defendant Nationwide is an Ohio corporation with it principal place of business in Ohio.

Subject Matter Jurisdiction

Though neither party has raised the issue, the Court is obliged to consider whether it has jurisdiction to make any determination in this case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (finding that subject matter jurisdiction "must be policed by

the courts on their own initiative"). Here, the presence of an Oklahoma resident defendant — Chetpatananont — suggests the removal of this case from Oklahoma district court was improper based on 28 U.S.C. § 1441(b), which provides in pertinent part:

> Any other such action [i.e. other than one based on a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiff has not objected to removal on this basis. Whether this apparent defect in removal affects the Court's jurisdiction depends on whether the indicated requirement of § 1441(b) is viewed as procedural, and therefore subject to waiver, or jurisdictional and therefore not subject to waiver.[1] The Court directed the parties to address the issue by supplemental brief. Order, June 2, 2005.

Neither the briefs of the parties nor the Court's own research have revealed controlling authority on the issue.[2] Several courts of appeal other than the Tenth Circuit have addressed the issue, however, and, as plaintiff suggests, the decided weight of authority

---

[1] *"A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties." Williams v. Life Sav. and Loan, 802 F.2d 1200, 1202 (10th Cir. 1986)*

[2] *Nationwide's brief is thoroughly underwhelming, both in scope and focus. It wholly ignores the question as to the nature of the § 1441(b) requirement, focusing instead on its assertion that it thought — and apparently still thinks — that this case has been settled as to Chetpatananont. It bases that assertion on a January 19, 2005, letter from one of plaintiff's counsel suggesting Chetpatananont's insurer had tendered policy limits to settle the claim against him. In so arguing, defendant ignores both the recitation in a motion filed by plaintiff on January 19, 2005, stating that the case had not settled (Motion for Extension of Time in Which to Complete Service; attached to defendant's notice of removal March 21, 2005) and the Amended Petition filed February 1, 2005, which continued to assert a claim against Chetpatananont. Nationwide's suggestion that it thought Chetpatananont was not in the case and should be ignored for jurisdictional purposes is plainly unsupported by the facts.*

appears to conclude the forum defendant rule of § 1441(b) is procedural and hence subject to waiver. See, e.g., Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 378-80 (7th Cir. 2000); Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 49-51 (3d Cir. 1995). Given this authority, the Court concludes the forum defendant rule of §1441(b) is procedural and subject to waiver. As plaintiff did not object to removal on this basis within thirty days, the case is not now subject to remand. 28 U.S.C. § 1447(c). The Court concludes it has subject matter jurisdiction to proceed with the case.

Venue

Nationwide does not dispute that venue is appropriate in this district. See 28 U.S.C. § 1391(a)(2). However, Nationwide argues the case should be transferred to Virginia for convenience purposes. Under 28 U.S.C. §1404(a) the Court may transfer a case in order to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Carter v. Houston Chronicle Pub. Co., 514 F.Supp. 12, 15 (W.D. Okla. 1980). "The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient." Chrysler Credit Corp. v. County Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). In exercising its discretion under § 1404(a), a court may consider the plaintiff's choice of forum, the convenience of witnesses, their availability via compulsory process, the costs of making necessary proofs, docket congestion, familiarity with local law, and other practical considerations. Chrysler Credit Corp., 928 F.2d at 1516. "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." William A.

Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972).

In support of it motion, Nationwide asserts that Virginia law will govern the interpretation of the insurance contract between it and plaintiff, that plaintiff received follow-up medical care in Virginia and that its anticipated witnesses will be inconvenienced if venue remains in this district. Plaintiff counters that his case is against both Chetpatananont and Nationwide and that Virginia does not have personal jurisdiction over defendant Chetpatananont. In addition, he states that the accident occurred in Oklahoma, that he received medical care in both Oklahoma and Virginia and that all fact witnesses located in Virginia have either agreed to travel to Oklahoma for trial or will testify by alternative means in accordance with the Federal Rules of Civil Procedure.

The Court concludes Nationwide's motion should be denied. Although the underinsured motorist claim against Nationwide is based on a Virginia insurance policy, the resolution of such a claim will require a finding of negligence against defendant Chetpatananont under Oklahoma law. Defendant Chetpatananont is not amenable to suit in Virginia. As a result, it appears Oklahoma is the only appropriate forum to resolve a crucial aspect of plaintiff's case. In addition, the accident in question occurred and was investigated in Oklahoma and plaintiff was initially treated for his injuries at an Oklahoma emergency room. While some witnesses and records are also located in Virginia, this is insufficient to override the deference owed to plaintiff's choice of forum. See Fin. Instruments Group, Ltd. v. Leung, No. 01-1205, 2002 WL 321899, at *2 (10th Cir. Mar. 1, 2002) ("Merely shifting the inconvenience from one side to the other ... is not a permissible justification for a change

of venue.") (internal quotations omitted).[3]  Accordingly, defendant Nationwide's motion is

**DENIED**.

      **IT IS SO ORDERED**.

Dated this 24th day of June, 2005.

                                               _____
                                               JOE HEATON
                                               UNITED STATES DISTRICT JUDGE

---

[3]*Leung* is an unpublished opinion cited for persuasive value only pursuant to 10th Cir. R. *36.3(B).*